IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CLINTON SOLART LLC, | : | Case No. 1:23-cv-206 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ROBERT E. STOLL, II, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order (Doc. 2).[1] Plaintiff seeks an ex parte temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b)(1).

"The only type of injunctive relief that a district court may issue ex parte is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Additionally, "ex parte requests should only be granted in the most stringent of circumstances since such requests run afoul to this country's history of jurisprudence requiring notice and opportunity to be heard." *Oviedo v. Rivera*, No. 1:22-cv-214, 2023 WL 2431819, at *4 (S.D. Ohio Mar. 9, 2023) (citing *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). This Court

---

[1] Plaintiff seeks both a temporary restraining order and preliminary injunction in its motion (Doc. 2). However, the Court will only address the issue of a temporary restraining order at this juncture. Following an evidentiary hearing, the Court will adjudicate Plaintiff's request for a preliminary injunction.

1

may issue an ex parte temporary restraining order only if:

> (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Such requirements must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-cv-060, 2015 WL 1276453, at *2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952).

Plaintiff failed to satisfy Rule 65(b)(1)(A). "To obtain temporary injunctive relief, it is of paramount importance that the party establish immediacy and irreparability of injury." *Hartman v. Acton*, 613 F.Supp.3d 1015, 1022 (S.D. Ohio 2020). Because an ex parte temporary restraining order is "such an extraordinary remedy[,]" the moving party must establish both the immediacy and irreparability of the harm by clear and convincing evidence. *Id.* The Court acknowledges that, because "particular pieces of real property [are] unique[,]" a party will suffer irreparable harm without injunctive relief enjoining the sale of property. *Baker v. People's Choice Home Loan, Inc.*, No. 3:10-cv-327, 3010 WL 3447614, at *7 (S.D. Ohio Aug. 27 2010). However, Plaintiff fails to show any immediacy of such harm that would warrant an ex parte temporary restraining order. Plaintiff does not present any specific evidence that Defendants are likely to sell, convey or otherwise transfer the Property within the next two weeks. Thus, Plaintiff failed to satisfy its burden under Rule 65(b)(1)(A) at this stage.

Additionally, Plaintiff failed to satisfy Rule 65(b)(1)(B). First, although Plaintiff acknowledged all efforts made to provide notice to Defendants in the motion, Plaintiff's

counsel failed to "certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). This Court has held that, to properly satisfy Rule 65(b)(1)(B), such certification must be "supported by affidavit or otherwise authenticated." *Alahverdian*, 2015 WL 1276453 at *2. Plaintiff failed to support any mention of efforts to give notice by affidavit or otherwise. "For this reason alone, Plaintiff's motion should be denied." *Id.*

Also, Plaintiff makes no mention of any reasons why notice is not required in this case. "The normal circumstances for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found[,] . . . [or] where notice would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. Plaintiff fails to mention, let alone establish, how this case would fall into either circumstance to justify ex parte relief. Thus, Plaintiff failed to satisfy the Rule 65(b)(1)(B).

Therefore, for the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND